FILED

01 NOV 16 PM 2:04

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA COLLIER,

    Plaintiff,

CASE NO.

8:01 CV 2176-T-23 EAJ

vs.

OFFICERS MARGERY SCHANTZ and
KELLY REINDOLLAR, individually and in
their official capacities, and CITY OF
TAMPA,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, SANDRA COLLIER, by and through her undersigned attorneys, hereby brings this complaint for violation of 42 U.S.C. §1983 and state law claims against the Defendants, OFFICERS MARGERY SCHANTZ and KELLY REINDOLLAR, individually and in their official capacities, and CITY OF TAMPA, and would state as follows:

## GENERAL ALLEGATIONS

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times material hereto, SANDRA COLLIER was a resident of Hillsborough County, Florida.

3. At all times material hereto, OFFICERS MARGERY SCHANTZ and KELLY REINDOLLAR, were officers employed by the CITY OF TAMPA, and were acting under color of State Law performing law enforcement activities within Hillsborough County, Florida.

4. At all times material hereto, the CITY OF TAMPA, by and through the Tampa Police Department, performed law enforcement activities in Hillsborough County, Florida.



5. That on or about December 6, 1998, at approximately 2:22 a.m., SANDRA COLLIER, was returning home from work at the Ice Palace when she became lost in the City of Tampa. At that time, SANDRA COLLIER pulled off to the side of the roadway and stopped near the intersection of 32nd Street and Comanche Avenue. At that location, SANDRA COLLIER asked a black male for directions. SANDRA COLLIER was driving a 1988 Dodge Daytona.

6. The black male came over to her vehicle and leaned in the passenger side of the vehicle and was attempting to give her directions when OFFICERS MARGERY SCHANTZ and KELLY REINDOLLAR approached her vehicle. The officers asked for SANDRA COLLIER'S drivers license which she produced. She was asked to exit her vehicle.

7. Allegedly, the officers found a glass pipe underneath SANDRA COLLIER'S vehicle and at that time she was arrested for possession of cocaine, possession of drug paraphernalia and possession of prescription drug without prescription bottle.

8. The Tampa Police Department report prepared by the officers associated with the "investigation" of the incident, stated as follows:

> While on patrol, we observed the listed vehicle at the intersection of 32nd St./Comanche Av.
>
> The w/f driver was talking to a d/m subject, Larry D. Vickers, 3-9-55. Vickers was standing at the passenger door leaning in the vehicle. We approached the vehicle and asked subj. Collier for her driver's license at which time she continued to talk to subj. Vickers.

The only other information contained in the report regarding an investigation indicates that SANDRA COLLIER was observed in the listed vehicle at the above listed intersection. The report fails to indicate any facts regarding probable cause for the arrest.

9. After the arrest, SANDRA COLLIER, was transported to the Hillsborough County Jail. SANDRA COLLIER was in the jail for approximately two days and then was bailed out.

10. At the time of the above arrest, SANDRA COLLIER, was on probation associated with a drug conviction in Louisiana for which she spent five years in jail. On or about February 26, 1999, SANDRA COLLIER was again arrested based upon a violation of her parole associated with the arrest by OFFICERS MARGERY SCHANTZ and KELLY REINDOLLAR on December 6, 1998. SANDRA COLLIER was taken to the Hillsborough County Jail and she was in jail for approximately three months until the hearing on May 20, 1999, on a Motion to Suppress evidence in her case, resulting from her arrest on December 6, 1998.

11. The Motion to Suppress was brought by Stephen Stanley, the Assistant Public Defender representing SANDRA COLLIER in the case State v. Sandra Collier, in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, Criminal Justice Division, Hon. Diana M. Allen, presiding.

12. At the hearing on the Motion to Suppress MARGERY SCHANTZ in response to a question regarding why she stopped SANDRA COLLIER, indicated the following:

> I was a passenger in the vehicle. My partner, Officer Reindollar, was the driver. We were proceeding westbound on East Hillsborough. After I looked north on 32nd Street, I saw a car stopped there with a black male hanging out of the side. We went up the block, came eastbound on Comanche. The vehicle was stopped there. We shown – actually, Officer Reindollar had the spot light, we lit the car up with the spot light and conducted the traffic stop there.

13. OFFICER REINDOLLAR also testified at the hearing and on cross-examination the following questions and answers were given:

Q. You did not mention anything in your report about being in the middle of the intersection?

A. No, sir.

Q. You really stopped my client because you saw her parked there talking to a black man in what you call a drug hole, correct?

A. Yes, sir.

14. After the above testimony, the Hon. Diane M. Allen, granted the Motion to Suppress and an oral Motion to Dismiss the charges.

15. In addition, SANDRA COLLIER, had taken all necessary steps and had obtained a Request for Clemency associated with her prior drug conviction in Louisiana. The hearing was scheduled in Baton Rouge on March 16, 1999, at 10:00 a.m. Unfortunately, SANDRA COLLIER was in jail and could not attend the clemency hearing.

16. All conditions precedent to this action have been met including the sending of notice pursuant to §768.28.

17. The plaintiff has been forced to retain the services of counsel in order to pursue this matter and her attorney is entitled to payment for his services.

### COUNT I - VIOLATION OF 42 U.S.C. §1983
### FALSE ARREST & FALSE IMPRISONMENT
### AGAINST SCHANTZ & REINDOLLAR, INDIVIDUALLY

18. Plaintiff realleges the allegations contained in the general allegations as if fully set forth herein.

19. This cause of action is brought by the Plaintiff against the Defendants, SCHANTZ and REINDOLLAR, individually, for deprivation of constitutional rights within the meaning of 42 U.S.C. §1983.

20. The Defendants' actions subjected the Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments to the Constitution of the United States, within the meaning of 42 U.S.C. §1983 for false arrest and false imprisonment.

21. At the time of the alleged traffic stop by Officers SCHANTZ and REINDOLLAR, the Officers had no facts indicating any probable cause to stop SANDRA COLLIER.

22. As a result of the defendants' actions the plaintiff has in the past and will in the future suffer much mental and physical pain and suffering, inability to lead a normal life, humiliation and embarrassment, loss of liberty, and loss of ability to obtain clemency regarding her prior criminal conviction.

WHEREFORE, Plaintiff would request this Court to enter judgment against the Defendants, SCHANTZ and REINDOLLAR, individually for damages inclusive of attorney's fees and costs, and for all other relief this Court should deem just and proper.

## COUNT II - FALSE IMPRISONMENT/FALSE ARREST
## CITY OF TAMPA

23. Plaintiff realleges all allegations contained in the general allegations as if fully stated herein.

24. Officers SCHANTZ and REINDOLLAR, in their official capacities as police officers for the City of Tampa, arrested SANDRA COLLIER when they had no probable cause to seize SANDRA COLLIER. SANDRA COLLIER did not consent to the arrest.

25. The detention was unreasonable and unwarranted under the circumstances and deprived SANDRA COLLIER of her liberty.

26. As a result of the defendant's actions the plaintiff has in the past and will in the future suffer much mental and physical pain and suffering, inability to lead a normal life, humiliation and embarrassment, loss of liberty, and loss of ability to obtain clemency regarding her prior criminal conviction.

WHEREFORE, Plaintiff would request this Court to enter judgment against the Defendant, CITY OF TAMPA, for damages inclusive of attorney's fees and costs, and for all other relief this Court should deem just and proper.

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted,

_____
Jeffrey H. Jirles, Esquire
Marshall & Jirles, P.A.
2380 Drew Street, Suite 4
Clearwater, FL 33765
Phone: (727) 669-2267
Fax: (727) 669-6447
FL Bar #0827101
Attorney for Plaintiff